IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JOSEPH E. RITLI, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13-CV-205 |
| ) | |
| PIZZA HUT, YUM YUM BRANDS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the court is defendant's "Motion to Dismiss" [doc. 16]. Plaintiff, who is acting *pro se* has not filed a response to the motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a); Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

I.

*Background*

According to the complaint, which includes the Charge of Discrimination filed with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"), plaintiff was working as a manager in training at a restaurant owned by defendant. Plaintiff contends that he was discriminatorily discharged from his job. On June 27, 2012, he submitted a charge of discrimination to the Tennessee Human Rights

Commission and to the EEOC. In support of its motion, defendant has attached the Dismissal and Notice of Rights from the EEOC addressed to the plaintiff notifying him that after investigation, the EEOC was "unable to conclude that the information obtained establishes violations of the statutes." The EEOC therefore closed its file.

On August 6, 2013, plaintiff filed suit in the Circuit Court for Washington County, Tennessee in Jonesborough, Tennessee. Attached to his *pro se* complaint is a copy of the Charge of Discrimination. Defendant has attached a copy of the state court complaint to its supporting memorandum. The following day, on August 7, 2013, plaintiff filed a virtually identical *pro se* complaint in this court. The complaint filed in this court also has attached to it a copy of the Charge of Discrimination. Now before the court is defendant's motion to dismiss, in which it seeks dismissal of the complaint on several grounds.

II.

*Analysis*

In its motion, defendant offers several grounds for dismissal of plaintiff's complaint. Defendant's initial argument is that this case should be dismissed pursuant to the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). For the reasons that follow, the court will apply this abstention doctrine. However, rather than dismiss the case, the court will stay it pending resolution of the state court action.

2

Under the *Colorado River* doctrine, a court may abstain from hearing a federal case because there is similar litigation occurring in a state court. *Colorado River*, 424 U.S. at 818. It is a "narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id*. at 817. Abstention may be justified by "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 817 (internal quotation marks and citations omitted).

The initial determination in a *Colorado River* abstention is whether the federal and state proceedings are in fact parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "The state court proceedings need not be identical, merely 'substantially similar.'" *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004) (citing *Romine*, 160 F.3d at 340)). The parties in the state and federal actions do not have to be identical for the cases to be parallel. *Id*. at 806 (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)); *see also Romine*, 160 F.3d at 340.

The court finds that this case is parallel with the action in state court. The parties are identical in both cases. Both cases are based upon the same set of facts, defendant's alleged discrimination against plaintiff in the workplace. The allegations in the two complaints are virtually identical, and the Charge of Discrimination plaintiff filed with the Tennessee Human Rights Commission was sent, at plaintiff's request, to the EEOC. Thus, these charges are identical.

3

Once the court has determined that there are parallel state proceedings, the next step is to weigh the factors identified by the Supreme Court to determine if abstention is warranted. The Sixth Circuit summarized those factors in *Romine* as follows:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a give[n] case" depending on the particular facts at hand.

*Romine*, 160 F.3d at 340-41 (citations omitted).

This case does not involve a res or property. As to the second factor, the federal forum presents a slight inconvenience to the parties. Plaintiff and defendant's restaurant are located in Johnson City, Tennessee, as presumably most of the witnesses would be. Defense counsel is located in Bristol, Tennessee. The Washington County Circuit Court where plaintiff filed the state action is located in Jonesboro, Tennessee. According to defense counsel's representations, Jonesboro is approximately eight miles from Johnson City and 27 miles from Bristol. This court is located in Greeneville, Tennessee, which, again according to defense counsel, is 30 miles from Johnson City and 50 miles from Bristol.[1] The

---

[1] The court, being familiar with the locations referenced, has no reason to doubt that defendant has fairly represented the mileage figures cited in its memorandum.

4

federal forum would be slightly less convenient for the parties and witnesses. Thus, this factor would weigh slightly in favor of abstention.

The third factor is the avoidance of piecemeal litigation. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 19 (1983), the Supreme Court noted that the paramount consideration in *Colorado River* was the danger of piecemeal litigation. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341 (citation omitted). This factor weighs heavily in favor of abstention as piecemeal litigation is a significant consideration in these cases. Both lawsuits involve the exact same factual basis and claims for alleged discrimination. This court and the state court will be called upon to address the identical issues and claims. Piecemeal litigation would result if this court continues to adjudicate the same discrimination claims that are presently before the state court in a parallel case.

The fourth factor is the order in which jurisdiction was obtained. This factor is also viewed with the seventh factor, the relative progress of the state and federal proceedings. *Iron Workers of W. Pa. Pension Plan v. Caremark RX, Inc.,* No. 3:06-1097, 2007 WL 60927, at *5 (M.D. Tenn. Jan. 5, 2007) (citing *Moses H. Cone*, 460 U.S. at 21-22). "According to the Supreme Court, 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Id.*, at *5 (citing *Moses H. Cone* 460 U.S. at 21). Plaintiff filed his state court

action first on August 6, 2013. He filed this case on August 7, 2013, which has not progressed beyond the filing of defendant's motion to dismiss. No scheduling order has been entered and no trial date has been set. Other than defense counsel's representation that "neither case has significantly progressed further than the other," there is no other information concerning the progress of the state action. However, in view of the amount of time since plaintiff filed the state complaint, the court could surmise that the state court action has not progressed significantly. These two factors moderately weigh in favor of abstention.

The fifth factor, whether the governing law is state or federal, and the sixth factor, the adequacy of the state court action to protect the federal plaintiff's rights, both favor abstention. Both of plaintiff's *pro se* complaints have the discrimination charge attached. This attachment can be considered by the court is assessing the sufficiency of a plaintiff's complaint. *Blackshaw v. MSC Indus. Direct Co., Inc.*, No. 2:12-CV-167, 2013 WL 3788604 (E.D. Tenn. July 18, 2013) (and cases cited therein). For the purposes of this decision, however, the court is not addressing the sufficiency of plaintiff's allegations or making any determination as to whether plaintiff has asserted any viable claims. Nevertheless, to the extent plaintiff has identified claims for age discrimination and "Reverse sexuall (sic) Harasment (sic), such claims would arise under state law with the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated § 4-21-101, *et. seq.*, and/or under federal law with the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*.

("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Courts apply "the same analysis to age-discrimination claims brought under the THRA as those brought under the ADEA." *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006) (citations omitted). "The intent of the THRA is to provide for execution within Tennessee of the policies embodied in the federal civil rights statutes. Accordingly, an analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act." *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006) (citations omitted); *see also Reagan v. City of Knoxville*, No. 3:07-cv-189, 2010 WL 2639933, at *3 (E.D. Tenn. June 28, 2010) (citing *Lynch*). Whether plaintiff has identified state or federal claims or both, the state court would be fully capable of protecting plaintiff's rights. *Cf. Regnier v. Metro. Gov't of Nashville*, No. M2004-00351-COA-R3-CV, 2006 WL 1328937, at *7 (Tenn. Ct. App. May 11, 2006) ("It is clearly the law in Tennessee that federal case law on Title VII and related civil rights statutes may be used to interpret the THRA since the stated purpose and intent of the THRA is to execute the policies embodied within the federal anti-discrimination acts."); *Newsom v. Textron Aerostructures*, 924 S.W.2d 87, 96 n.12 (Tenn. Ct. App. 1995) ("The purpose of the THRA is essentially identical to the ADEA; therefore, federal authority interpreting the ADEA is often utilized by courts' of this state in applying the THRA.").

        The seventh factor has already been considered with the fourth factor, and it also favors abstention. The eighth factor, the presence or absence of concurrent jurisdiction

7

also favors abstention. Tennessee state courts have concurrent jurisdiction over ADEA cases. *Parker v. Fort Sanders Reg'l Med. Ctr.*, 677 S.W.2d 455 (Tenn. Ct. App. 1983). The state courts also have concurrent jurisdiction over cases brought under the federal civil rights act or Title VII. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820 (1990); *Hayes v. City of Memphis*, 108 F. App'x 262, 265 (6th Cir. 2004) ("Tennessee courts have concurrent jurisdiction over claims alleging violations of the federal civil rights act. . . . Therefore, the Tennessee state court was capable of hearing [plaintiff's] federal claims.").

After considering and balancing all of the above factors, the court concludes that *Colorado River* abstention is appropriate in this case. In *Bates*, the Sixth Circuit examined and addressed whether a court should dismiss or stay a case under such circumstances. The Court determined that staying the case was the appropriate course to follow.

> We conclude that a stay is the best way to effectuate *Colorado River* abstention. Functionally, the difference between a stay and dismissal without prejudice is small, but staying the proceedings does offer a few advantages. Although not an issue in this case, it will prevent statute of limitations problems. Requiring refiling also imposes small, but non-zero, costs and delay upon the plaintiff. A stay of proceedings is also more efficient from the court's point of view, since the post-abstention case would stay with the original judge, who is familiar with the case, rather than be assigned a new judge. An indefinite stay of proceedings also imposes no additional burden to the court. We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.

*Bates*, 122 F. App'x at 809.

8

Therefore, for the reasons stated herein, the court will stay this civil action pending the resolution of the proceedings in the Circuit Court for Washington County, Tennessee. Upon completion of the state court proceedings, the court will lift the stay and adjudicate any claims remaining that are not barred by *res judicata* or a similar doctrine. "*Colorado River* abstention is temporary because all the reasons for it dissipate once the state court proceedings have run their course. At that point, if any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court." *Id*. at 808-809.

III.

*Conclusion*

Accordingly, this matter will be stayed pending resolution of plaintiff's state court case. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge