UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JOSEPH E. RITLI, SR., )
 )
    Plaintiff, )
 )
vs. )
 )  No. 2:13-CV-205
PIZZA HUT, YUM YUM )
BRANDS, )
 )
    Defendant. )
 )
 )

# MEMORANDUM OPINION

This civil action is before the court for consideration of two motions: the "Motion to Dismiss" filed by defendant Capital Pizza Huts, Inc.[1] [doc. 16] and plaintiff's request for a jury trial, which the court is treating as a motion [doc. 19].[2] Plaintiff, acting *pro se*, has not responded to defendant's motion to dismiss, and the defendant has not responded to plaintiff's request for a jury trial. For the reasons discussed below, defendant's motion to dismiss will be granted in part and denied in part. Plaintiff's motion for a jury trial will be granted.

---

[1] The defendant was incorrectly named in the original complaint, and the correct party was substituted by order [doc. 11].
[2] The request bears no caption or title and has been docketed as a motion.

I.

*Background*[3]

Plaintiff asserts that he is a forty-two year old white male who resides in Washington County, Tennessee. He was discharged from a Pizza Hut restaurant in Johnson City, Tennessee, where he was a manager in training. In late October 2011, plaintiff's general manager and district manager told him he had been accused of sexual harassment. The managers would not tell him who made the accusation against him or details of the allegation. Plaintiff states that he denied the allegations, but the managers asked for his building keys and discharged him.

After his discharge and as he was exiting the parking lot, plaintiff saw a young female employee happily headed toward the managers who had just fired him. The managers eventually replaced plaintiff with the young female employee.

Plaintiff alleges that he was discriminatorily discharged because of his age and sex. He alleges that his employer did not conduct a legitimate investigation into the accusation of sexual harassment and did not ask him to tell any facts or circumstances.

Plaintiff filed a Charge of Discrimination with the Tennessee Human Rights Commission which was filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Dismissal and Notice of Rights, which was followed by plaintiff filing his original complaint in this court on August 7, 2013.

---

[3] The facts recited are taken from the amended complaint and plaintiff's Charge of Discrimination, which as discussed below can and will be considered by the court in ruling on defendant's motion.

## II.

### *Standard of Review*

Defendant's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

3

III.

*Analysis*

**Motion to Dismiss[4]**

Defendant argues that plaintiff's complaint fails to allege sufficient facts to support the conclusory allegations he lists in the complaint and also that the listed allegations do not assert causes of action under state or federal law. Plaintiff has not responded.

"Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (internal quotation marks and citations omitted). As noted above, "[i]n determining whether a complaint states a claim, a court must accept as true all the factual allegations in the complaint and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. 570). In addition, the Sixth Circuit has pointed out "that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Id*. (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). As a general proposition in reviewing a motion to dismiss based upon Fed. R. Civ. P. 12(B)(6), '[m]atters outside the pleadings are not to be considered. . . .'" *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

---

[4] Initially, the court granted in part defendant's motion to dismiss based upon the *Colorado River* abstention doctrine and stayed the case pending resolution of plaintiff's state court action [docs. 20, 21]. The court lifted the stay, however, when defendant informed the court that plaintiff had voluntarily dismissed the state action [doc. 25].

The court agrees that just listing allegations without factual support is insufficient to state a claim. In addition, some of the allegations are not causes of action but elements of damage. However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Thus, plaintiff's Charge of Discrimination that is part of the original complaint and defendant's motion to dismiss can be considered in relation to that motion.[5]

In *Harney v. McCartur, Inc.*, No. CV-11-S-4103-NE, 2012 WL 2479630 (N.D. Ala. June 26, 2012), the district court, dealing with a *pro se* litigant, used the factual allegations in the plaintiff's EEOC charge to supplement the amended complaint. The plaintiff had attached her EEOC charge to the initial complaint. In support of its use of the EEOC to supplement the amended complaint, the district court relied on *Clark v Huntleigh Corp.*, 119 F. App'x 666 (5th Cir. 2005). In *Clark*, the Fifth Circuit reversed a dismissal for the failure to state a claim where the plaintiff's complaint "included only hints of claims but included no real factual or legal allegations," but the EEOC charge that was attached to the *pro se* complaint "set out [plaintiff's] race and age discrimination allegations" and "adequately pleaded his discrimination claim." *Id*. at 667-68. "When we examine the attachments, we have no choice but to conclude that [plaintiff] has stated

---

[5] Plaintiff attached the charge to the original complaint but not to the amended complaint. Defendant attached the charge and the dismissal notice to its motion to dismiss. The amended complaint contains the same thirteen listed allegations as the original complaint and based upon the caption was filed in response to the name change of the defendant.

5

a claim for age and race discrimination. His EEOC charge sets out the parameters of this claim. . . ." *Id*. at 668.

Also, in *Diallo v. Celestica Corp*., No. 3:10-CV-1513-M, 2011 WL 5925578, (N.D. Tex. Nov. 28, 2011), the district court addressed a *pro se* complaint with the EEOC investigative file and charge attached in the context of a motion for a more definite statement. The court found that the "Plaintiff's complaint and attachments, taken together, comport[ed] with the notice pleading requirement of Rule 8(a)." *Id*. at *2.

Similarly in this case, although plaintiff's complaint lacks "real factual and legal allegations" for the age and sex discrimination claims he attempts to assert, the EEOC Charge of Discrimination provides sufficient factual information at this initial stage to support a claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. and a reverse sex discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The court will allow these two claims to survive defendant's motion. To the extent that plaintiff attempts to assert any other causes of action in his list of 13 items, such causes of action will be dismissed. Items that are related to damages, such as alleged lost wages, will remain.

This finding, however, does not excuse plaintiff from sufficiently pursuing his case. The Fifth Circuit in *Clark* stated:

> Our opinion does not excuse [plaintiff] from future compliance with the Federal Rules of Civil Procedure. For example, he must properly respond, and provide his own suitable evidence, to any future motion for summary judgment that [defendant] might file. We merely hold that [plaintiff] adequately pleaded his discrimination claim.

*Clark*, 119 F. App'x at 668. The court echoes that opinion in this case.

**Motion for Jury Trial**

The original complaint was filed on August 7, 2013, and the amended complaint was filed on September 9, 2013. Neither complaint contains a demand for a jury. Plaintiff filed his request for a jury trial on December 20, 2013. In a case involving a right to a jury trial, a party with a right to a trial by jury must make and serve a written demand on the other parties "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Failure to meet this time requirement results in the waiver of the party's right to a jury trial. Fed. R. Civ. P. 38(d).

However, even if this time requirement is not met, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "Under Rule 39(b), notwithstanding the failure of a party to demand a jury in an action in which demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any and all issues." *Moody v. Pepsi-Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990) (internal quotation marks and citation omitted). The court has broad discretion when ruling on a Rule 39(b) motion and this "discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Id*. (citation omitted). Defendant has offered no opposition to the request. The court will consider plaintiff's request for a jury trial as a Rule 39(b) motion and grant the motion to allow a jury trial as to the claims that survive defendant's motion to dismiss, i.e. his claims for age discrimination and reverse sexual discrimination.

IV.

*Conclusion*

Accordingly, for the reasons explained herein, defendant's motion to dismiss will be granted in part and denied in part. Plaintiff's motion for a jury trial will be granted.

ENTER:

                                             s/ Leon Jordan
                                  United States District Judge